IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR107 |
| v. | |
| VICTOR MANUEL ROMAN-DEGANTE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Victor Manuel Roman-Degante's ("Roman-Degante") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 36). The Court has reviewed the record in this case and concludes the motion should be denied. Because the record conclusively demonstrates Roman-Degante is not entitled to relief, no evidentiary hearing is necessary. 28 U.S.C. § 2255(b).

I.  **BACKGROUND**

On February 4, 2020, an undercover cooperating source ("CS") met with Roman-Degante to purchase one pound of methamphetamine. Investigators were nearby and observed Roman-Degante park next to the CS's vehicle and enter it. Their conversation was recorded, and Roman-Degante transferred the methamphetamine to the CS. After the controlled purchase was complete, officers field tested the substance, and it yielded a positive result for methamphetamine. The substance was later lab tested, showing a 95% purity and totaling a gross weight of 421 grams of methamphetamine.

On August 20, 2020, Roman-Degante pleaded guilty to intentionally transferring 50 grams or more of methamphetamine (actual) to another person in violation of 21 U.S.C. § 841(a)(1) and (b)(1). On November 13, 2020, the Court sentenced him to 70 months imprisonment, to be followed by two years of supervised release.

Roman-Degante now brings a § 2255 motion, asserting he told his counsel that he knew the substance was not "pure" methamphetamine and that he wanted the substance to be independently tested for its purity. Although his counsel initially agreed to have the substance tested, Roman-Degante claims another purity test was never completed. Roman-Degante asserts that if his counsel would have retested the methamphetamine, it would have been of a lower purity, and he would have faced a less harsh sentence.

## II.  DISCUSSION
### A.  Standard of Review

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the district court must complete a preliminary review of a defendant's § 2255 motion. If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," then the Court shall summarily dismiss those claims. *Id.* A § 2255 motion will not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Section 2255 relief is limited to those cases in which "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "The movant bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

### B.  Ineffective Assistance of Counsel

Roman-Degante asserts his counsel was ineffective for failing to obtain "an independent chemical analysis to determine the purity of the meth." "A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on his claims, Roman-Degante must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced

2

his defense." *Guzman-Ortiz*, 849 F.3d 708, 713 (8th Cir. 2017); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining the Court will consider counsel's performance deficient if they "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

When a defendant has entered a guilty plea, he must prove prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Roman-Degante argues he has shown prejudice because, had the methamphetamine been independently tested for purity, he would not have been sentenced for possessing "'actual' (ice) meth." He does not allege he would not have pleaded guilty or would have gone to trial on these charges. On this record, Roman-Degante's allegations are not sufficient to overcome his heavy burden to show he is entitled to any relief under § 2255.

## C. No Certificate of Appealability

A petitioner under § 2255 cannot appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). This Court cannot issue a certificate of appealability unless Roman-Degante "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "he must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Roman-Degante has not made such a showing, and the Court will not issue a certificate of appealability.

Accordingly,

IT IS ORDERED:

1. Victor Manuel Roman-Degante's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 36) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Roman-Degante at his address of record.

Dated this 6th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge